UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| M.F., as Parent and Natural Guardian of K.C., a minor, and M.F., Individually,<br><br>                                    Plaintiff,<br>                    -v-<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>                                    Defendant. | 20 Civ. 1109 (PAE)<br><br>ORDER OF DISMISSAL |

PAUL A. ENGELMAYER, District Judge:

Plaintiff filed the complaint in this action for attorneys' fees on February 7, 2020. Dkt. 1. Plaintiff failed to serve the Summons and Complaint within the 90-day period required by Rule 4(m) of the Federal Rules of Civil Procedure. On October 2, 2020, the Court issued an order to show cause why the plaintiff failed to timely serve the Summons and Complaint. Dkt. 2. On October 16, the plaintiff's counsel responded to the order stating that there was good cause as to why plaintiff failed to timely serve the Summons and Complaint. Dkt 4. Specifically, plaintiff's counsel, Peter G. Albert, Esq., stated: "Plaintiffs did not timely serve a summons and complaint herein because of covid-19 related issues. An administrative employee employed by counsel was responsible for requesting the summons and serving same. By mid-March 2020, service on DOE was restricted." *Id.*

On October 19, 2020, the Court found, based on Mr. Albert's representation that COVID-19 prevented the timely service of the complaint, that good cause had been shown and extended plaintiff's time to serve defendant New York City Department of Education to October 23, 2020. Dkt. 6. On October 29, 2020, the Court received a letter from the defense, however, stating that

on the week of March 22, 2020, New York City had established an email service portal, which Mr. Albert's firm had used "in numerous other cases during the delay period in this action." Dkt. 8.

In light of the factual conflict between Mr. Albert's representation and the City's, on October 26, 2020, the Court ordered Mr. Albert to submit a sworn declaration identifying all occasions used by his law firm of the City's email service portal since mid-March 2020, and setting forth the factual basis for Mr. Albert's representation to the Court that service had not been made on the defense because "[b]y mid-March 2020, service on DOE was restricted." Dkt. 9. On October 28, 2020, Mr. Albert submitted a declaration stating, *inter alia*:

> "On or about April 7, 2020, counsel first became aware that New York City had restricted the "normal" practice of serving legal process on entities, like DOE, that are represented by the Law Department of the City of New York. Instead of serving DOE at the Law Department's offices located at 100 Church Street in Manhattan, the Law Department established a new email portal for legal service. this regard, Plaintiff's counsel utilized the Law Department's email portal for service of process for cases that were filed after April 1, 2020. These cases include: Carrilo, et al. v. N.Y.C. Dept. of Education, 20-cv-1657 (E.D.N.Y. April 1, 2020); Navarro Carrilo v. N.Y.C. Dept. of Education, et al., 20-cv-1707 (E.D.N.Y. April 6, 2020) . . . ."

Dkt. 11. On October 29, 2020, defense counsel filed another letter stating that Mr. Albert's representation to the Court had been misleading, and noting other cases filed in this District in which Mr. Albert's conduct as counsel has been reproved by the Court. Dkt. 12.

The Court shares defense counsel's dismay. Mr. Albert's representations to this Court were misleading -- at best. Notwithstanding Mr. Albert's initial representation that service in this case had not been timely made "because of covid-19 related issues," Dkt. 4, the facts that have emerged reveal that his office completed service on the City in a number of other cases during the same time period, using the City's email portal. Mr. Albert's stated excuse to this Court therefore appears to have been factually demonstrably false.

The Court accordingly withdraws its finding that good cause justified plaintiff's failure to timely serve process in this case. The Court now vacates its order at Dkt. 6 and dismisses this

case for failure to effect timely service.  *See Bakal v. Ambassador Const.*, No. 94 Civ. 584 (JSM), 1995 WL 447784, at *3 (S.D.N.Y. July 28, 1995) ("[W]here, as here, plaintiff can provide no reasonable excuse for the failure to make timely service, the fact that a reinstitution of the action will be barred by the statute of limitations is not by itself a reason to deny the motion to dismiss."); *Ping Chen ex rel. U.S. v. EMSL Analytical, Inc.*, 966 F. Supp. 2d 282, 306 (S.D.N.Y. 2013) ("[G]ood cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." (quotations and citations omitted)).

In the interest of not prejudicing the plaintiffs in this case, who should not suffer on account of their counsel's dereliction, plaintiffs' counsel are prohibited from seeking from their client the fees sought in this action

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
_____
PAUL A. ENGELMAYER
United States District Judge

Dated: October 29, 2020
       New York, New York

3